■ JANE RICHARDSON, Respondent, v. ROBERT RICHARDSON, Appellant.— Order of the Supreme Court, Nassau County, dated April 4, 1967, modified, on the law and the facts, by (a) striking therefrom the provisions (1) confirming the previous award to plaintiff of possession of the marital home and directing defendant to vacate the premises and (2) awarding plaintiff $110 per week for support and maintenance and (b) by substituting therefor provisions giving defendant possession of the marital home and increasing the support payments to plaintiff to $175 per week. As so modified, order affirmed, without costs. By a 1961 judgment of separation in this action, plaintiff was awarded, *inter alia*, exclusive possession of the marital home owned by them as tenants by the entirety, and support payments for herself and the couple's child of $110 per week while she resided in the house and $175 if she moved out. In 1964, when plaintiff was not in possession of the marital home, the separation judgment was modified, upon stipulation of the parties, so as to reduce the support payments to $110, and, at the same time, defendant paid plaintiff $3,500 in settlement of an alleged $18,500 alimony arrearage. In 1963, upon defendant's promise to gradually end his extramarital relationship with his secretary, Mary Lou Hertwig, with whom he had had two children, plaintiff allowed defendant, Miss Hertwig and the children to move into the marital house. Shortly thereafter Miss Hertwig gave birth to twins and has continued to reside with defendant in the house to date. While this court cannot find fault with the morally justified decision of Special Term which has awarded plainff everything to which she is legally entitled and which refuses to judicially sanction adultery in a house partly owned by plaintiff, we believe, under the unique circumstances presented, that to oust defendant would amount to punishment not only of him but of the four children he and his mistress now have. We therefore believe that the more realistic solution is to permit defendant to remain in the house while continuing to maintain it for the joint benefit of the parties. As to the support payments, implicit in the decision of Special Term is a finding that defendant is able to pay plaintiff $110 per week in addition to the cost of maintaining the house. In fairness to plaintiff, this amount is now fixed at $175 per week. If defendant believes he cannot make such payment, his remedy is a new application

to reduce the award on a better showing of his actual income. Rabin, Hopkins and Munder, JJ., concur; Christ, Acting P. J., and Martuscello, J., dissent and vote to affirm the order, on the opinion of the Special Term.